UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRYSTAL MORRELL,<br><br>            Plaintiff,<br><br>v.<br><br>WENATCHEE SCHOOL DISTRICT, NO. 246; and JOSEPH ACCARDO,<br><br>            Defendants. | NO: 2:18-CV-373-RMP<br><br>PROTECTIVE ORDER |

BEFORE THE COURT are the parties' stipulated motion for entry of a protective order, ECF No. 12, and a motion to expedite, ECF No. 13. A district court may issue protective orders regarding discovery upon a showing of good cause. Fed. R. Civ. P. 26(c). Before issuing a stipulated protective order, a district court judge should ensure that the protective order's restrictions do not infringe on the public's general right to inspect and copy judicial records and documents. *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006).

PROTECTIVE ORDER ~ 1

Having reviewed the protective order and the remaining record, the Court finds good cause to grant the stipulated motion and enter the agreed-upon protective order. Accordingly, **IT IS HEREBY ORDERED** that the parties' stipulated motion for protective order, **ECF No. 12**, and the motion to expedite, **ECF No. 13**, are **GRANTED**. The protective order in effect is set forth below.

## **PROTECTIVE ORDER**

**IT IS HEREBY ORDERED** that the following procedures shall apply to the documents and information the parties designate as "confidential."

1. "Confidential" material shall mean the following documents and tangible things produced or exchanged:

    a. Plaintiff Morrell's employment and personnel records, tax and financial information, and healthcare and medical records;

    b. Defendant Accardo's employment and personnel records, and financial information; and

    c. The employment and personnel records of any other employee of defendant Wenatchee School District No. 246.

2. The protections conferred by this Order cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel

that might reveal confidential material.  However, the protections conferred by this Order do not cover information or documents that are in the public domain or become part of the public domain through trial or otherwise.

3. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.

4. The following shall be redacted from documents or tangible things prior to production or exchange: Dates of birth (other than the year), the names of minor children (other than their initials), social security numbers, passport numbers, and driver license numbers.

5. Confidential material may be disclosed only to the categories of persons and under the conditions described in this Order.  Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

    a. The party's attorney of record and the attorneys' employees;

    b. Consultants and experts retained by the party for the purposes of assisting in the preparation or presentation of claims or defenses;

PROTECTIVE ORDER ~ 3

c. The court, court personnel, and court reporters and their staff;

d. Copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

e. During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court; and

f. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

6. Except as otherwise provided in this Order (or as otherwise stipulated or ordered), disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced as follows:

a. <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of

depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

  b. <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential.

7. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

8. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Order for such material.

1         Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of the Order.

9. When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d).

10. If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute Exhibit A.

11. Prior to the filing of any confidential material (including the filing of any pleadings or papers that incorporate or disclose confidential material) by counsel for any receiving party in this action, said counsel shall confer with the designating party's counsel to determine whether the designating party will remove the confidential

PROTECTIVE ORDER ~ 6

designation, whether the document can be redacted, or whether sealing is warranted.

12. When permitted by governing law, sealing shall be accomplished in accordance with the appropriate court rules, and the material shall remain under seal unless and until the Court orders otherwise.

13. Any party or non-party may challenge a designation of confidentiality at any time.

14. Nothing contained herein shall be construed to prejudice or limit any party's right to use confidential material to the extent permitted under the Rules of Evidence and Civil Procedure. If a party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

15. Nothing in this Order shall prevent any party hereto from seeking modification of this Order or from objecting to discovery which it believes to be otherwise improper.

16. Violation of the terms of this Order, by any of the signatories to this Order, their employees, agents or experts may be subject the violator to terms (monetary and/or injunctive) as well as attorney's fees and costs incurred in enforcing this Order and as the Court deems appropriate.

17. The terms of this Order shall survive the termination of this action.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** March 7, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge